UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor Bernard Perkins,                                  Civil No. 16-1070 (PAM/FLN)


                     Plaintiff,                          **ORDER AND
                                                         REPORT AND
        v.                                               RECOMMENDATION**

Dr. Shelly Stanton,

                     Defendant.
        _____

                Victor Bernard Perkins, *pro se*, for Plaintiff.
        David Fuller, Assistant United States Attorney, for Defendant Dr. Shelly Stanton
        _____

        **THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff

Victor Bernard Perkins's motion to appoint counsel (ECF No. 18) and Defendant Dr. Shelly

Stanton's motion to dismiss (ECF No. 19). This matter was referred to the undersigned for Report

and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth

below, the Court orders that Perkins's motion is **DENIED**. The Court additionally recommends that

Dr. Stanton's motion be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH**

**PREJUDICE**.

                              **I. BACKGROUND**

        On May 16, 2016, Perkins filed a Complaint under 42 U.S.C. § 1983 against Dr. Stanton

alleging that while in state custody he suffered two massive heart attacks from acid reflux

medication that she prescribed him. Compl., ECF No. 1; *see also* Am. Compl., ECF No. 5. The

entire factual basis of Perkins's Complaint is that Dr. Stanton should not have prescribed him

"Prilosec" after being informed that "a class action existed against Prilosec for causing heart

attacks." ECF No. 1 at 3. Perkins sought $2 million dollars in compensatory and punitive damages. *Id.* at 6. On May 16, 2016, Perkins filed a document entitled, "Amended Complaint," which the Court interprets to be a supplement to his initial Complaint. *See* ECF No. 5. In it, he clarified that he only seeks $1.5 million dollars in damages. *Id.* On October 18, 2016, Dr. Stanton filed a motion to dismiss or alternatively for summary judgment. Mot. to Dismiss, ECF No. 19; Stanton Decl., ECF No. 21. Pursuant to Local Rule 7.1(c), Perkins's opposition memorandum was due on or before November 1, 2016. To date, Perkins has not filed a response.

## II. MOTION TO DISMISS (ECF No. 19)

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the

misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

Dr. Stanton first asserts that any claim of medical malpractice must be dismissed because Perkins has failed to comply with Minnesota Statutes Section 145.682, requiring an affidavit stating the case has been reviewed by a qualified health care provider. Mem. in Supp. of Mot. to Dismiss 10, ECF No. 20 (citing *Lindberg v. Health Partners, Inc.*, 599 N.W.2d 572 (Minn. 1999) (holding that failure to supply an affidavit of expert review requires dismissal of the complaint)). Additionally, Dr. Stanton contends that she is protected from Perkins's *Bivens* claim under the Eleventh Amendment in her official capacity and under the doctrine of qualified immunity in her individual capacity. ECF No. 20 at 11–16; *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 410 (1971).

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Generally, "in the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19

(8th Cir. 1995).There is no question that Perkins's claim against Dr. Stanton in her official capacity is brought against her as an instrumentality of the State. It is also clear that the State has not consented to the suit. Dr. Stanton is immune from Perkins's 42 U.S.C. § 1983 suit in her official capacity under the Eleventh Amendment.

The doctrine of qualified immunity shields state actors from liability under § 1983 unless the official's conduct "violates a clearly established constitutional or statutory right of which a reasonable person would have known." *LaCross v. City of Duluth*, 713 F.3d 1155, 1157 (8th Cir. 2013). Two questions are considered when determining whether government officials are protected by qualified immunity: "[1] whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and [2] whether that right was clearly established at the time of the defendant's alleged misconduct." *Id.* at 1157–58. The Supreme Court has made clear that there need not be a case with materially or fundamentally similar facts in order for a reasonable person to know that his or her conduct violated the Constitution. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) ("This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent.")

Dr. Stanton is entitled to qualified immunity unless Perkins pled facts sufficient to demonstrate that she knowingly deprived him of a clearly established constitutional right. *Pearson v. Callahan*, 555 U.S. 223 (2009); *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010). The fundamental constitutional protection of bodily integrity under the Fourteenth Amendment was clearly established at the time Dr. Stanton prescribed Perkins Prilosec to treat his acid reflux. "The integrity of the individual person is a cherished value of our society." *Schmerber*

*v. California*, 384 U.S. 757, 772 (1966); *see also In re Cincinnati Radiation Litig.*, 874 F. Supp. 796, 810–11 (S.D. Ohio 1995) ("The right to be free of state-sponsored invasion of a person's bodily integrity is protected by the Fourteenth Amendment guarantee of due process."). The Court also assumes without deciding for the purposes of this motion that (1) Dr. Stanton knew that there was a class action lawsuit pending when she prescribed Perkins Prilosec to treat his acid reflux and heartburn, and (2) that Prilosec was the cause of the two heart attacks that Perkins suffered in September 2015. Nevertheless, Dr. Stanton is still entitled to qualified immunity unless she acted with deliberate indifference of a substantial risk to Perkins's health and safety. Affording Perkins all reasonable inferences to be drawn from the facts alleged, the Court concludes that Dr. Stanton was not deliberately indifferent nor did she disregard an excessive risk to his health. *Logan v. Clarke,* 119 F.3d 647, 649 (8th Cir. 1997) ("To show deliberate indifference, [Plaintiff] must prove that the prison doctors knew of, yet disregarded, an excessive risk to his health."). The fact that a pending class action against a particular type of medication exists, does not establish that the medication has been proven dangerous or that Dr. Stanton disregarded an excessive risk to Perkins's health when she acted to care for him in treating his acid reflux disease.

Dr. Stanton is immune from suit in her official and individual capacities pursuant to the Eleventh Amendment and the doctrine of qualified immunity. The Court also concludes that Perkins has failed to include an affidavit stating that his medical malpractice claim has been reviewed by a qualified health care provider. Therefore, the Court recommends that Perkins's Complaint against Dr. Stanton be dismissed.

### III. MOTION TO APPOINT COUNSEL (ECF No. 18)

The day before Dr. Stanton filed her motion to dismiss, Perkins filed a motion to appoint

counsel. Mot. to Appoint Counsel, ECF No. 18. There is no constitutional or statutory right for an indigent party to have counsel appointed in a civil case. *See Watson v. Moss*, 619 F.2d 775, 775 (8th Cir. 1980). Rather, the appointment of counsel is a matter committed to the discretion of the trial court. *See Ahmed v. Fenesis*, No. 05-2388, 2006 WL 2604677, at *1 (D. Minn. Sept. 7, 2006) (citing *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997)). In considering a motion to appoint counsel, "[t]he trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). In this case, the Court finds that neither the facts nor the legal issues raised are so complex as to warrant appointment of counsel. Perkins, through his previous submissions to the Court, has demonstrated his ability to investigate the legal and factual bases of his claims. Furthermore, the Court cannot conclude that appointment of counsel would substantially benefit both Perkins and the Court, as the Court finds that the issues in this case can be resolved at the motion to dismiss stage. Accordingly, the Court determines that the interests of justice do not require that Perkins be appointed counsel.

## IV. ORDER

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Perkins's motion to appoint counsel (ECF No. 18) is **DENIED**.

## V. RECOMMENDATION

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Dr. Stanton's motion to dismiss (ECF No. 19) be **GRANTED** and Plaintiff's Complaint (ECF No. 1) and supplement to his Complaint (ECF No. 5) be **DISMISSED**

**WITH PREJUDICE**.


DATED: January 26, 2017                           *s/Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge



## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.